### No. 4902.

(Court of Appeal, Parish of Orleans.)

## SANDERS BAPTIST CHURCH vs. J. L. DENNIS ET AL.

J. H. Ferguson for plaintiff and appellant.

R. H. Browne for defendant and appellee.

GODCHAUX, J.—This is a suit wherein the plaintiff, a religious corporation, appearing through its Trustees, alleges in its petition that Joseph L. Dennis was unlawfully exercising and usurping the position of Pastor, having never been legally elected or appointed as such; that the said Dennis was also usurping the power and prerogatives of the Treasurer, and was illegally in possession and disposing of the funds belonging to the church; that he, together with certain other named members of the church, were terrorizing and disturbing the other members of the congregation, and were interfering with the lawful holding of the business meetings and religious exercises of the church, as well as preventing the Trustees, Deacons and other officers of the corporation from performing their respective duties; that the action of these defendants were such that the church was becoming disorganized and members were gradually withdrawing therefrom and refusing to contribute to the necessary church expenses, and that, on occasions, on account of these unlawful disturbances at meetings, crime had been narrowly averted.

The petition, which is duly sworn to, alleges that the amount involved in the proceeding exceeds the sum of two thousand dollars ($2,000.00), and prays that the said Dennis be enjoined from performing the duties of the offices which he was usurping and that he, as well as the other defendants, be prohibited from interfering with the trustees and deacons of the church and from preventing the holding of business meetings and devotional exercises of said church. The injunction issued as prayed for and without hearing, and several vain attempts were

then made by the defendants to have the writ of injunction either dissolved for cause or bonded. Finally, the defendants, joined by numerous other persons alleged to constitute a large majority of the corporation, filed a rule against plaintiff to show cause why the injunction should not be bonded, or why an election for trustees should not be held in conformity with the charter and under the auspices and direction of the Court. This rule was in due course tried, the plaintiff, defendant in rule, making no objection to the jurisdiction or power of the Court nor to the form of proceeding. The rule was made absolute, the Court ordering that an election for trustees and deacons be held by the members of the corporation on the 14th day of August, 1909, and appointed three disinterested parties to act as commissioners of election. The election having been held in accordance with this rule and the commissioners having reported to the Court the result thereof, the defendants thereupon took a rule upon plaintiff to show cause why the report of the commissioners should not be approved and homologated and the persons named in said reports should not be declared the duly elected trustees and deacons of said corporation.

When this rule came up for hearing the plaintiff, defendant in rule, filed a formal opposition as well as an exception, attacking the jurisdiction and power of the Court in originally ordering the election, as well as its power and jurisdiction to entertain and pass upon the contested election which was held in pursuance of said order. The opposition and exception were overruled and there was judgment making the rule absolute and confirming the report of the commissioners. It is from this judgment that the plaintiff applied for and obtained an appeal to this Court.

This Court must **ex proprio motu** take cognizance of its lack of jurisdiction in this matter.

There is no allegation either in the rule upon which the

— 408 —

election was ordered, nor in the rule to homologate the report of the commissioners, nor in any pleading connected with these two rules, showing the value or amount of the matter therein in dispute, nor was any testimony whatever adduced upon the trial of these rules bearing directly or indirectly upon these questions. In any event, however, the judgment or order appealed from in this instance is one rendered in a proceeding arising in the course of and incidental to the main demand and the jurisdiction upon appeal from such a judgment or order reposes in that Court which would have jurisdiction of an appeal from a judgment upon the main demand. The main petition of plaintiff, supported by its affidavit and filed in evidence upon the trial of the rule which resulted in the judgment or order appealed from, contains the jurisdictional allegation that the matter in dispute and therein involved exceeds the sum of Two Thousand ($2000) Dollars. This places the jurisdiction of this appeal within the cognizance of the Supreme Court, and plaintiff has apparently filed his appeal proceedings in the wrong court.

It is, therefore, ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of the State of Louisiana, upon the appellant or its attorney of record making out and filing with the Clerk of this Court, on or before the 30th day of December, 1909, its affidavit that the appeal herein was not taken for the purpose of delay, and, further, upon said appellant lodging with the Clerk of the Supreme Court of this State, on or before the 21st day of January, 1910, a full and complete transcript of this case, made and certified to in the manner and form required by the rules of the Supreme Court for the transcripts taken directly to that Court, together with a certified copy of this opinion and decree and the affidavit herein referred to, all costs incurred in this Court to be taxed against the appellant.

December 13, 1909.

Decree of Supreme Court March 31, 1910.

## On the Merits.

DUFOUR, J.—When this cause originally came before us, we transferred it to the Supreme Court on the strength of the allegations in the record that the amount involved was in excess of $2000.

The Supreme Court declined jurisdiction on the ground that the jurisdictional allegation was inflated, and remanded the cause to us to consider and decide originally as to our own jurisdiction in the premises.

In its opinion the Supreme Court said:

> "There is no suggestion giving rise to the impression that there are items of value upon which the president of the plaintiff corporation ventures to make the allegation of value, there are no salaries or wages involved, no property value whatever, no right of any kind indicating or showing value. There are two factions in the church, one contending against the other in and out of court. Whether the one faction shall have charge of the church or the other presents the only issue."

Adopting the foregoing views as correct, we do not find that the amount involved is affirmatively shown to be more than $100, or in point of fact, that any money or property value is at stake; hence we must decline jurisdiction.

Appeal dismissed.